IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RALPH P. DUPONT; BARBARA J. DUPONT,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL NO. 07-00458 ACK-KSC<br><br>REPORT OF SPECIAL MASTER ON DEFENDANT'S BILL OF COSTS |

REPORT OF SPECIAL MASTER ON DEFENDANT'S BILL OF COSTS

    On September 5, 2007, Plaintiffs Ralph and Barbara Dupont filed this action against Defendant United States of America.  The Duponts sought the recovery of federal income taxes they claimed were unlawfully withheld during the 2003 tax year.  The Court awarded summary judgment in favor of the United States on January 21, 2009; this case was dismissed the same day.  The United States now requests an award of the costs it incurred defending this action.

    Pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After reviewing the Defendant's submissions, the Court FINDS and RECOMMENDS that the district court tax costs against Plaintiff in the amount of $2,326.76.

DISCUSSION

As the prevailing parties in this action, Defendant requests costs totaling $2,326.76 pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure, and Local Rule 54.2.  Specifically, Defendants seek taxation of the following costs: (1) $70 for a private process server; and (2) $2,256.76 for deposition transcripts.  See Bill of Costs ("BOC"); Mem. in Supp. of BOC at 2-4.

I.   Legal Standards

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). Courts have wide discretion to award costs pursuant to Rule 54(d).  Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

While courts have wide discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui, 78 F. Supp. 2d at 1126.  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.  The Court addresses each of the costs requested by the Defendant in turn.

    A.   <u>Deposition Transcripts</u>

The United States asks for $2,256.76 in costs related to obtaining the deposition transcripts of Plaintiffs Ralph and Barbara Dupont; Michael E. Callahan, a representative of Pentec, Inc., Plaintiffs' pension plan administrator; and Frederic M. Glotzer, Plaintiffs' tax preparer.  The United States claims that these transcripts formed the factual basis for its summary judgment argument.  The United States also notes that at trial it presented excerpts from the depositions of Plaintiffs and Michael E. Callahan.

Fees for deposition transcripts necessarily obtained for use in a case may be recovered under 28 U.S.C. § 1920(2). <u>See</u> <u>Alflex Corp. v. Underwriters Labs, Inc.</u>, 914 F.2d 175, 177 n.3 (9th Cir. 1990) (noting that the cost of an original deposition transcript is within the scope of 28 U.S.C. §

1920(2)); Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) ("Deposition costs are taxable if they are reasonably necessary for trial."). Here, the United States submitted an affidavit declaring that these deposition transcripts were necessarily obtained for use in this case. Therefore, the Court finds that these deposition costs are taxable.

B. Private Process Server

The United States also requests $70 in private process server fees. The United States paid a private process server to serve a subpoena on Pentec, Inc., Plaintiffs' pension plan administrator.

Private process server fees are taxable as costs under 28 U.S.C. § 1920(1). See Alflex Corp., 914 F.2d at 178. Accordingly, the United States is entitled to $70 in costs.

CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that that the district court tax costs against Plaintiff in the amount of $2,326.76.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 10, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 07-00458 ACK-KSC; DUPONT, ET AL. V. UNITED STATES OF AMERICA; REPORT OF SPECIAL MASTER ON DEFENDANT'S BILL OF COSTS